Filed 7/3/13  Ashegian v. Beirne CA2/4

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| MARC ASHEGIAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JAMES G. BEIRNE et al.,<br><br>    Defendants and Respondents. | B245028<br><br>(Los Angeles County<br> Super. Ct. No. BC480403)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on June 20, 2013, be modified as follows:

On page 18, delete the words "and attorneys fees" so that the sentence reads "Respondents shall recover their costs on appeal."

This modification changes the judgment.

Appellant's petition for rehearing is denied.

---

*EPSTEIN, P.J.        WILLHITE, J.        MANELLA, J.

Filed 6/20/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARC ASHEGIAN, | B245028 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC480403) |
| v. | |
| JAMES G. BEIRNE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazille, Judge. Affirmed.

Joel Bander for Plaintiff and Appellant.

Stocker & Lancaster and Michael J. Lancaster for Defendants and Respondents.

**INTRODUCTION**

Plaintiff and appellant Marc Ashegian appeals from the judgment entered after the trial court sustained a general demurrer to the complaint he filed against defendants and respondents James G. Beirne, the Law Offices of James G. Beirne, Paul Mendoza Allen and the Law Offices of Paul M. Allen. Ashegian's complaint alleged a cause of action under Business and Professions Code section 6158.4,[1] based on internet advertising by respondents that allegedly violated State Bar Act regulations (§§ 6158, 6158.1, and 6158.3) governing the content of electronic media advertising for legal services. The court sustained the demurrer on the ground that the complaint failed to allege that Ashegian previously had submitted a complaint regarding the allegedly unlawful advertisements to the State Bar and otherwise complied with the State Bar review procedures set forth in section 6158.4. On appeal, Ashegian contends that the plain language of the statute excuses California residents from following the State Bar review procedures before filing a civil enforcement action. We conclude that neither the plain language of the statute nor the relevant legislative history supports Ashegian's interpretation, and we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ashegian filed a complaint against respondents in superior court alleging a "civil enforcement action" pursuant to section 6158.4, subdivision (e), contending that respondents' internet advertising for their legal services violated sections 6158 (barring electronic advertising that, taken as a whole, is false, misleading, or deceptive), 6158.1 (creating a rebuttable presumption that certain types of

---

[1] All subsequent undesignated code references are to the Business and Professions Code.

2

messages are false, misleading, or deceptive), and 6158.3 (requiring that particular disclosures be included if an electronic advertisement portrays a result in a particular case).

The complaint alleged that respondent Allen maintained a "banner ad" on the website associated with the newspaper *Balita* that is distributed to the Filipino-American community in Los Angeles County. According to the complaint, when an internet user clicked on the banner ad, he or she was directed to respondent Beirne's web page instead, which Ashegian alleged constituted a deceptive act. The complaint further alleged that Beirne's web page featured a video of an unidentified woman making false, misleading or deceptive statements of support for the Beirne law office. Ashegian sought $5,000 fines against respondents for each allegedly deceptive broadcast as well as attorneys fees.

Two weeks later, Ashegian amended his complaint to state that following service of the original complaint on respondents, internet users who clicked on the banner ad for Allen were no longer routed to Beirne's web page. Instead, users were directed to Allen's single-page website, which stated, "We are a federally designated debt relief agency," language which Ashegian alleges does not satisfy the requirements set forth in 11 United States Code section 528, subdivisions (a)(3) and (4), (b)(1). The complaint further alleged that a blog posting by Allen falsely stated that Allen's firm had been handling bankruptcy cases for over a decade, when in fact Allen was a new admittee in his mid-twenties.

Respondents demurred to the amended complaint on the grounds that (1) it failed to state facts sufficient to constitute a cause of action against respondents because no complaint regarding the advertisements at issue was first filed with the State Bar, as required by section 6158.4; (2) Ashegian failed to exhaust all administrative remedies; (3) he lacked standing to sue; (4) the complaint failed to

3

allege damages; (5) it was uncertain; and (6) it failed to comply with California Rules of Court, rule 2.112 by failing to specifically plead who was suing whom.

The trial court sustained the demurrer on the ground that the complaint failed to allege compliance with the mandatory administrative procedures set forth in section 6158.4, subdivision (a), beginning with the requirement that a complaint be filed with the State Bar. Further, even if the State Bar review procedure did not apply, the complaint failed to allege that Ashegian gave respondents 14 days' notice before filing an action, as required by section 6158.4, subdivision (d). The court denied leave to amend because, in opposing the demurrer, Ashegian failed to show that the complaint could be amended to show compliance with the administrative procedures.

Ashegian timely appealed from the judgment dismissing the case.

## DISCUSSION

Ashegian contends that the trial court erred in sustaining the demurrer to the amended complaint for failure to allege compliance with the State Bar review procedures set forth in section 6158.4. However, the plain meaning of section 6158.4 as well as consideration of the relevant legislative history supports the trial court's conclusion that Ashegian was required to comply with those State Bar review process set forth in this statute as a condition precedent to any civil enforcement action.

"When reviewing a judgment dismissing a complaint after a successful demurrer, we assume the complaint's properly pleaded or implied factual allegations are true, and we give the complaint a reasonable interpretation, reading it in context. [Citation.] We also consider judicially noticeable matters."

4

(*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320 (*Campbell*).)[2]

I.     *Language of Section 6158.4*

The State Bar Act (§ 6000 et seq.) was first amended in 1993 to add regulations on advertising for legal services.  (§§ 6157-6159.2.)  At that time, the Legislature adopted provisions prohibiting false, misleading or deceptive statements in such advertising, and prohibiting particular types of advertisements, such as guarantees, unidentified spokespersons, and impersonations without proper disclosures.  (§§ 6157.1-6157.7, added by Stats. 1993, Assem. Bill No. 208 (1993-94 Reg. Sess.).)  The lone enforcement mechanism for the violation of these provisions was provided in former section 6157.5, now found in section 6159, which states:  "The court shall report the name, address, and professional license number of any person found in violation of this article to the appropriate professional licensing agency for review and possible disciplinary action."  The statute did not provide for a private right of action for violations of the advertising regulations.

In 1994, the State Bar Act was again amended, in part to add regulations with respect to legal advertising specifically via electronic media, namely television, radio, and computer networks.  (§ 6157, subd. (d).)  Of particular interest here, section 6158.4, prescribes the procedures to be followed by persons claiming a violation of sections 6158, 6158.1, or 6158.3, special regulations

---

[2]     Because Ashegian does not argue on appeal that the trial court should have granted him leave to amend his complaint, we do not reach that issue.

proscribing particular content in electronic media advertising for legal services.[3] Both parties contend that section 6158.4 is unambiguous, but they have conflicting interpretations of the statute.

Section 6158.4 provides as follows: "(a) Any person claiming a violation of Section 6158, 6158.1, or 6158.3 may file a complaint with the State Bar that states the name of the advertiser, a description of the advertisement claimed to violate these sections, and that specifically identifies the alleged violation. A copy of the complaint shall be served simultaneously upon the advertiser. The advertiser shall have nine days from the date of service of the complaint to voluntarily withdraw from broadcast the advertisement that is the subject of the complaint. If the advertiser elects to withdraw the advertisement, the advertiser shall notify the State Bar of that fact, and no further action may be taken by the complainant. The

---

[3]  Section 6158 provides: "In advertising by electronic media, to comply with Sections 61571.1 and 6157.2, the message as a whole may not be false, misleading, or deceptive, and the message as a whole must be factually substantiated. The message means the effect in combination of the spoken word, sound, background, action, symbols, visual image, or any other technique employed to create the message. Factually substantiated means capable of verification by a credible source."

Section 6158.1 establishes a rebuttable presumption that the following messages are false, misleading, or deceptive within the meaning of Section 6158: "(a) A message as to the ultimate result of a specific case or cases presented out of context without adequately providing information as to the facts or law giving rise to the result. [¶] (b) The depiction of an event through methods such as the use of displays of injuries, accident scenes, or portrayals of other injurious events which may or may not be accompanied by sound effects and which may give rise to a claim for compensation. [¶] (c) A message referring to or implying money received by or for a client in a particular case or cases, or to potential monetary recovery for a prospective client. A reference to money or monetary recovery includes, but is not limited to, a specific dollar amount, characterization of a sum of money, monetary symbols, or the implication of wealth."

Section 6158.3 requires the inclusion of particular disclosures in advertising by electronic media if the advertisement portrays a result in a particular case.

advertiser shall provide a copy of the complained of advertisement to the State Bar for review within seven days of service of the complaint.  Within 21 days of the delivery of the complained of advertisement, the State Bar shall determine whether substantial evidence of a violation of these sections exists.  The review shall be conducted by a State Bar attorney who has expertise in the area of lawyer advertising.

"(b)(1)  Upon a State Bar determination that substantial evidence of a violation exists, if the member[4] or certified lawyer referral service withdraws that advertisement from broadcast within 72 hours, no further action may be taken by the complainant.

"(2)  Upon a State Bar determination that substantial evidence of a violation exists, if the member or certified lawyer referral service fails to withdraw the advertisement within 72 hours, a civil enforcement action brought pursuant to subdivision (e) may be commenced within one year of the State Bar decision.  If the member or certified lawyer referral service withdraws an advertisement upon a State Bar determination that substantial evidence of a violation exists and subsequently rebroadcasts the same advertisement without a finding by the trier of fact in an action brought pursuant to subdivision (c) or (e) that the advertisement does not violate Section 6158, 6158.1, or 6158.3, a civil enforcement action may be commenced within one year of the rebroadcast.

"(3)  Upon a determination that substantial evidence of a violation does not exist, the complainant is barred from bringing a civil enforcement action pursuant

---

**4**     "As used in this article, . . . '[m]ember' means a member in good standing of the State Bar and includes any agent of the member and any law firm or law corporation doing business in the State of California."  (§ 6157, subd. (a).)

to subdivision (e), but may bring an action for declaratory relief pursuant to subdivision (c).

"(c) Any member or certified lawyer referral service who was the subject of a complaint and any complainant affected by the decision of the State Bar may bring an action for declaratory relief in the superior court to obtain a judicial declaration of whether Section 6158, 6158.1, or 6158.3 has been violated, and, if applicable, may also request injunctive relief. Any defense otherwise available at law may be raised for the first time in the declaratory relief action, including any constitutional challenge. Any civil enforcement action filed pursuant to subdivision (e) shall be stayed pending the resolution of the declaratory relief action. The action shall be defended by the real party in interest. The State Bar shall not be considered a party to the action unless it elects to intervene in the action.

"(1) Upon a State Bar determination that substantial evidence of a violation exists, if the complainant or the member or certified lawyer referral service brings an action for declaratory relief to obtain a judicial declaration of whether the advertisement violates Section 6158, 6158.1, or 6158.3, and the court declares that the advertisement violates one or more of the sections, a civil enforcement action pursuant to subdivision (e) may be filed or maintained if the member or certified lawyer referral service failed to withdraw the advertisement within 72 hours of the State Bar determination. The decision of the court that an advertisement violates Section 6158, 6158.1, or 6158.3 shall be binding on the issue of whether the advertisement is unlawful in any pending or prospective civil enforcement action brought pursuant to subdivision (e) if that binding effect is supported by the doctrine of collateral estoppel or res judicata.

"If, in that declaratory relief action, the court declares that the advertisement does not violate Section 6158, 6158.1, or 6158.3, the member or lawyer referral service may broadcast the advertisement. The decision of the court that an advertisement does not violate Section 6158, 6158.1, or 6158.3 shall bar any pending or prospective civil enforcement action brought pursuant to subdivision (e) if that prohibitive effect is supported by the doctrine of collateral estoppel or res judicata.

". . .

"(d)  The State Bar review procedure shall apply only to members and certified referral services. A direct civil enforcement action for a violation of Section 6158, 6158.1, or 6158.3 may be maintained against any other advertiser after first giving 14 days' notice to the advertiser of the alleged violation. If the advertiser does not withdraw from broadcast the advertisement that is the subject of the notice within 14 days of service of the notice, a civil enforcement action pursuant to subdivision (e) may be commenced. The civil enforcement action shall be commenced within one year of the date of the last publication or broadcast of the advertisement that is the subject of the action.

"(e)  Subject to Section 6158.5,[5] a violation of Section 6158, 6158.1, or 6158.3 shall be cause for a civil enforcement action brought by any person residing

---

**5**    California Business and Professions Code section 6158.5 provides: "This article applies to all lawyers, members, law partnerships, law corporations, entities subject to regulation under Section 6155, advertising collectives, cooperatives, or other individuals, including nonlawyers, or groups advertising the availability of legal services. Subdivisions (a) to (k), inclusive, of Section 6158.4 do not apply to qualified legal services projects as defined in Article 14 (commencing with Section 6210) and nonprofit lawyer referral services certified under Section 6155. Sections 6157 to 6158.5, inclusive, do not apply to the media in which the advertising is displayed or to an advertising agency that prepares the contents of an advertisement and is not directly involved in the formation or operation of lawyer advertising collectives or cooperatives, referral services,

within the State of California for an amount up to five thousand dollars ($5,000) for each individual broadcast that violates Section 6158, 6158.1, or 6158.3. . . .

". . .

"(h)  Amounts recovered pursuant to this section shall be paid into the Client Security Fund maintained by the State Bar.

"(i)  In any civil action brought pursuant to this section, the court shall award attorney's fees pursuant to Section 1021.5 of the Code of Civil Procedure if the court finds that the action has resulted in the enforcement of an important public interest or that a significant benefit has been conferred on the public.

"(j)  The State Bar shall maintain records of all complainants and complaints filed pursuant to subdivision (a) for a period of seven years.  If a complainant files five or more unfounded complaints within seven years, the complainant shall be considered a vexatious litigant for purposes of this section.  The State Bar shall require any person deemed a vexatious litigant to post security in the minimum amount of twenty-five thousand dollars ($25,000) prior to considering any complaint filed by that person and shall refrain from taking any action until the security is posted.  In any civil action arising from this section brought by a person deemed a vexatious litigant, the defendant may advise the court and trier of fact that the plaintiff is deemed to be a vexatious litigant under the provisions of this section and disclose the basis for this determination.

"(k)  Nothing in this section shall restrict any other right available under existing law or otherwise available to a citizen seeking redress for false, misleading, or deceptive advertisements."

or other groups existing primarily for the purpose of advertising the availability of legal services or making referrals to attorneys."

## II.    *Statutory Interpretation*

Ashegian contends that section 6158.4 requires only residents of states *other than California* to go through the State Bar administrative review process set forth in the statute, and thus he contends that he did not need to comply with that process because he is a California resident.  The interpretation of section 6158.4 is a question of first impression to which we apply the standard rules of statutory interpretation:  "Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.  [Citations.]"  (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)  The proper interpretation of a statute is a question of law which we review de novo.  (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

### A. *Plain Meaning*

Ashegian contends that, while subdivision (a) of section 6158.4 provides that any person "*may* file a complaint with the State Bar" describing a violation of sections 6158, 6158.1, or 6158.3  (§ 6158.4, subd. (a), italics added), subdivision (e) states that such a violation "*shall* be cause for a civil enforcement action brought by any person residing within the State of California . . ." (§ 6158.4, subd.

11

(e), italics added).  Based on this language, he argues that California residents are exempt from the State Bar review requirements and instead may directly file civil enforcement actions without first complying with the State Bar procedures. However, considering the statute as a whole as we must (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276), Ashegian's interpretation does not withstand scrutiny.

Subdivisions (a) through (d) of section 6158.4 set forth a procedure for State Bar review of complaints about electronic media advertising by attorneys and certified lawyer referral services that allegedly violates sections 6158, 6158.1, or 6158.3.  In providing that any person "may" file a complaint with the State Bar about such a violation, subdivision (a) merely describes the legal recourse that individuals have with respect to advertising that they believe violates the electronic advertising regulations.  If the advertiser voluntarily withdraws the advertisement from broadcast within nine days and notifies the State Bar of that fact, "no further action may be taken by the complainant."  (§ 6158.4, subd. (a).)  If the advertiser does not initially withdraw the advertisement, and the State Bar review results in the determination that "substantial evidence of a violation of these sections exists," the advertiser has yet another opportunity to withdraw the advertisement within 72 hours of the determination and to thus prevent any further action by the complainant.  (§ 6158.4, subd. (b)(1).)  The complainant is also barred from bringing a civil enforcement action pursuant to subdivision (e) if the State Bar review concludes that substantial evidence of a violation does *not* exist, unless the complainant subsequently brings a declaratory relief action and the court declares that the advertisement violates section 6158, 6158.1, or 6158.3, and the advertiser broadcasts the advertisement following that decision.  (§ 6158.4, subds. (b)(3), (c)(2).)  If the State bar determines that substantial evidence of a violation exists

12

and the advertiser fails to withdraw the advertisement within 72 hours, a civil enforcement action pursuant to subdivision (e) may be commenced. (§ 6158.4, subd. (b)(2).) Subdivision (d) clarifies that the State Bar review procedure applies only to advertisements by "members" (the definition of which includes law firms (see § 6157, subd. (a)), and certified lawyer referral services, and that direct civil enforcement actions pursuant to subdivision (e) may be maintained against *other* advertisers if such advertisers do not withdraw their advertisement from broadcast after being given 14 days' notice. (§ 6158.4, subd. (d).)

It is within the context of these preceding provisions that we must construe the language of subdivision (e), which provides in pertinent part that "a violation of Section 6158, 6158.1, or 6158.3 shall be cause for a civil enforcement action brought by any person residing within the State of California." (§ 6158.4, subd. (e).) Although subdivision (e) provides that only residents of California may bring a civil enforcement action, this does not mean that the limitations on the right to bring such an enforcement action, as set forth in the preceding subdivisions, do not apply to California residents. Rather, the rights of California residents to bring a civil enforcement action under subdivision (e) are necessarily qualified by the preceding subdivisions that relate to it and refer to it.

The purpose of section 6158.4 is evident from its plain language: to establish a State Bar screening procedure for complaints about electronic media advertising by "members" and certified lawyer referral services and to afford these groups multiple opportunities to withdraw from broadcast offending advertisements before any punitive action can be taken. Beirne and Allen and their respective law offices qualify as "members" and accordingly, section 6158.4 required Ashegian to submit a complaint to the State Bar and to comply with the other requirements of that statute as a prerequisite to any civil enforcement action

13

pursuant to subdivision (e) of that section. Because Ashegian's complaint failed to allege compliance with these review procedures, he failed to state a claim for a violation of sections 6158, 6158.1, or 6158.3.

### B. *Legislative History*

We further note that the legislative history of section 6158.4 does not support Ashegian's strained interpretation of the statute.[6] Nothing in that history suggests a legislative intent to require only non-residents of California to comply with the State Bar review procedures while allowing California residents unrestricted use of the private right of action against advertisers. Rather, the history demonstrates an intent by the Legislature to *restrict* the private right of enforcement in order to deter frivolous lawsuits against legal advertisers.

The legislative findings included in the preamble to the statute explain the particular need for regulation with respect to electronic media advertising for legal services. (Assem. Bill. No. 3659, approved by Governor, September 21, 1994 (1993-1994 Reg. Sess.) § 1.) The findings state that although lawyer advertising is subject to First Amendment protection, advertisement by way of electronic media, which is "uniquely pervasive and intrusive," has received the most limited First Amendment protection. (*Id.* at § 1(b), (c).) Further, because "[t]he right to practice law is a 'privilege burdened with conditions'" (*id.* at § 1(a)) and the public has a need for accurate and truthful information about legal services (*id.* at § 1(e)), the legislature believed it appropriate to adopt special regulations governing such advertising.

---

[6] We granted respondents' motion for judicial notice of the legislative history of section 6158.4, as enacted by Assembly Bill No. 3659 (1993-1994 Reg. Sess.) as chapter 4, Article 9.5.

The legislative history demonstrates that the legislature grappled with the need to take measures to protect the public against the danger of false and misleading electronic advertising for legal services without encouraging frivolous lawsuits that could have a chilling effect on attorneys' protected speech. The original bill introduced in the Assembly provided that any member who violates section 6158, 6158.1, or 6158.3 "shall be liable in a civil action brought by either the State Bar or any person residing within the State of California. . . ." (Assem. Bill No. 3659 (1993-1994 Reg. Sess.) as introduced Feb. 25, 1994.) However, opponents questioned whether a private right of action should be allowed at all, because the right would be subject to abuse by "competitors, zealots and headhunters who wish to wage vendettas against advertising lawyers." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3659 (1993-1994 Reg. Sess.) May 27, 1994.) The "State Bar screening" of complaints was proposed in the Senate Committee on the Judiciary as a means of deterring frivolous lawsuits, along with safe harbors for advertisers who withdrew the allegedly offending electronic advertisements. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3659 (1993-1994 Reg. Sess.) May 27, 1994.) The bill was amended in the Senate to include these protective safeguards that appear in the statute as enacted. (Sen. Amend. to Assem. Bill No. 3659 (1993-1994 Reg. Sess. Aug. 22, 1994.) Further, the Legislative Counsel's Digest was amended so that instead of stating, "This bill would create a procedure for administrative investigation of complaints filed with the State Bar against members of the State Bar and certified lawyer referral services, *and for civil enforcement by any person*" (Sen. Amend. to Assem. Bill No. 3659 (1993-1994 Reg. Sess. Aug. 22, 1994), it ultimately stated, "This bill would create a procedure for administrative investigation of complaints filed with the State Bar against members of the State Bar and certified lawyer referral

15

services, *and for civil enforcement, as provided*." (Sen. Amend. to Assem. Bill No. 3659 (1993-1994 Reg. Sess. Aug. 25, 1994; Legis. Counsel's Dig., Assem. Bill No. 3659 (1993-1994 Reg. Sess.).) Thus, by the time of the bill's passage, it had been amended to restrict the right of civil enforcement in order to deter frivolous lawsuits against members and certified attorney referral services.

Ashegian has not cited anything in the legislative history to support his interpretation that the Legislature did not intend for California residents to be subject to the State Bar review requirements. Such a large exemption would not square with the Legislature's discernable intent to restrict the use of the private right of action against members and certified lawyer referral services to instances where substantial evidence of a violation has already been determined to exist. Accordingly, despite being a California resident, Ashegian was obligated to comply with the review procedure set forth in section 6158.4 as a prerequisite to filing any civil action against respondents, and, and his failure to allege such compliance dooms his civil complaint.

III.    *Inapplicability of Exhaustion of Administrative Remedies Doctrine*

Ashegian asserts that the trial court implicitly applied the exhaustion of administrative remedies doctrine in finding that his complaint was insufficient for failure to allege that he had complied with the State Bar review process. The exhaustion of administrative remedies doctrine provides that "'where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'" (*Campbell, supra,* 35 Cal.4th at p. 321.) Ashegian contends that several exceptions to the exhaustion doctrine apply here and excuse his failure to comply with the State Bar review steps. In particular, he alleges that "(1) the administrative remedy

16

does not afford a complainant damages and attorney's fees while the judicial remedy does provide them . . . (2) the statute lacks the required clearly defined machinery for the submission, evaluation, and resolution of complaints [and] lacks procedures for adequate notice, a fair right to be heard, and a decision by an impartial trier of fact . . . and (3) the statute provides alternative remedies."

Ashegian correctly identifies recognized exceptions to the doctrine requiring exhaustion of administrative remedies. (See *City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 600-610 [doctrine inapplicable when the administrative remedy is inadequate or it would be futile to seek an administrative remedy]; *Life Care Centers of America v. CalOptima* (2005) 133 Cal.App.4th 1169, 1177 ["To constitute an internal or administrative remedy requiring exhaustion before filing suit, '[t]here must be 'clearly defined machinery' for the submission, evaluation and resolution of complaints by aggrieved parties.'" [Citation.] This procedure must include adequate notice of the proposed administrative action, a fair right to be heard, and a decision rendered by an impartial trier of fact."]; *McKee v. Bell-Carter Olive Co.* (1986) 186 Cal.App.3d 1230, 1240 ["'"[W]here a statute provides an administrative remedy and also provides an alternative judicial remedy the rule requiring exhaustion of the administrative remedy has no application if the person aggrieved and having both remedies afforded him by the same statute, elects to use the judicial one."'"].) However, his argument that the administrative remedies doctrine and these exceptions come into play in this case is misplaced.

Section 6158.4 does not purport to establish an administrative "remedy." Instead, the statute establishes a mechanism for State Bar screening of complaints about allegedly misleading electronic advertisements, whereby the State Bar merely has the initial authority to determine whether "substantial evidence of a

17

violation of these sections exists" (§ 6158.4, subd. (a)) such that a private right of action may be pursued by the California resident who brought the complaint (assuming the advertiser does not withdraw the advertisement).[7] As discussed above, the State Bar review process is intended to curtail the use of the new private right of action against advertisers created by subdivision (e) of section 6158.4, to avoid frivolous lawsuits that will burden attorney's First Amendment rights to advertise. It is thus nonsensical for Ashegian to argue that he should be able to circumvent the screening process because it is merely a screening process and the State Bar has not been given the authority to impose full remedies or to conduct a hearing.

In sum, Ashegian's complaint is deficient for failure to allege compliance with the State Bar review process established in section 6158.4 for alleged violations of sections 6158, 6158.1, and 6158.3.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs and attorneys fees on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

---

[7] Both complainants and advertisers have the right to bring a declaratory relief action challenge the State Bar's determination as to whether or not substantial evidence of a violation exists. (§ 6158.4, subds. (b)(3), (c).)

18

EPSTEIN, P. J.　　　　　MANELLA, J.